(No. 21397.—
JAMES TOOMEY *et al.* Appellees, *vs.* JOHN E. TOOMEY, Appellant.

*Opinion filed October 22, 1932.*

THOMAS J. COURTNEY, and WILLIAM J. McGAH, for appellant.

THOMAS D. NASH, and MICHAEL J. AHERN, (MARTIN J. McNALLY, of counsel,) for appellees.

Mr. JUSTICE DeYOUNG delivered the opinion of the court:

James Toomey, Thomas Toomey and Mary Toomey filed a bill and later an amended bill in the superior court of Cook county to set aside an instrument admitted to record as the last will and testament of Mary L. O'Connor, deceased. John E. Toomey, individually and as executor, was made defendant. He answered the bill, denying its material allegations, and the complainants filed a replication to the answer. A jury returned a verdict that the instrument was not the decedent's last will, and a decree was entered declaring it void and setting it aside. From that decree the defendant prosecutes this appeal.

The allegations of the bill and the amended bill, as shown by the abstract of the record are, that Mary L. O'Connor, by the first section of the instrument directed the payment of her debts and funeral expenses; by the second she gave, devised and bequeathed to her nephew John E. Toomey, "All the rest, residue and remainder of my estate, whether real, personal or mixed, of whatever nature, character and description, and wheresoever situated, of which I may die seized or possessed," and by the third she nominated the same Toomey sole executor; that she died on January 22, 1929, leaving the complainants and the defendant her only heirs; that the instrument was admitted to record and letters testamentary issued thereon, and that she "died seized and possessed of property of the value of more than $14,000." The defendant's answer contains a literal denial of the last allegation. Apart from the recital in the third section of the instrument, the abstract of

the record fails to disclose that the decedent owned or even had any interest in real property.

Upon a direct appeal from the trial court, the transcript of the record must show some ground for the jurisdiction of this court. Rule 14 requires the party prosecuting an appeal or writ of error to this court to furnish a complete abstract of the record. Hence upon a direct appeal, the abstract, as well as the transcript of the record, must show the basis of this court's jurisdiction.

The abstract affirmatively shows that the decedent owned personal property and unless a freehold is involved in the present case, this appeal should have been prosecuted to the Appellate Court for the First District. (*Walker* v. *Walker,* 336 Ill. 191). The only reference to real estate appears in the third section of the contested instrument. By that reference, however, the decedent neither affirmed nor recited that she owned any interest in real estate. She merely provided by the third section that if she died seized of any real estate, her nephew, John E. Toomey should be the devisee.

To sustain the jurisdiction of this court upon a direct appeal in a case of this character, the instrument contested need not in terms devise real estate if it sufficiently appears from any other part of the record that the decedent at the time of his death owned such property. (*Craig* v. *Trotter,* 252 Ill. 228; *Senn* v. *Gruendling,* 218 id. 458). Recourse to the record beyond the instrument in question, however, is unavailing for the abstract fails to show that a freehold is involved in this case or that any other ground for the present direct appeal exists.

The cause will be transferred to the Appellate Court for the First District.                    *Cause transferred.*